UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

BERNARD HARDRICK,

        Plaintiff,                   Case No. 2:21-cv-64

v.                                       Honorable Paul L. Maloney

MARK HARES et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Huss, Green, and Osier.

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Marquette Branch Prison (MBP) in Marquette, Marquette County, Michigan. The

events about which he complains occurred at that facility. Plaintiff sues the following MBP staff: Warden Erica Huss; Mental Health Chief Mark Hares; Assistant Mental Health Service Director Thomas Osier; and Mental Health personnel Unknown Holdwick and Unknown Green.

Plaintiff alleges that on September 25, 2020, he was classified to administrative segregation, and he remained there at the time he filed his complaint. By mid-October 2020, Plaintiff began experiencing severe anxiety in part because he was kept in the same unit where prisoners with COVID-19 were sent to isolate. Plaintiff alleges that, due to the high levels of anxiety he experienced, he began chewing or gnawing the skin off his hands and fingers. Eventually, Plaintiff began developing wounds that bled, and he lost some functionality of his index fingers.

Plaintiff alleges that he sought mental health treatment for his condition early on. He sent kites to Defendant Hares, but he did not hear back. Plaintiff alleges that he followed up with more kites. He expanded his outreach to Defendants Holdwick and Huss, but he still did not hear back. Plaintiff alleges that, because he still had not received mental health treatment, he eventually filed a grievance on December 4, 2020, against Defendants Hares, Holdwick and Huss. Plaintiff alleges that Defendant Hares reviewed the grievance in violation of policy, and Defendant Green responded to the content. Defendant Green alleged that Plaintiff had not sent any recent mental health kites. Apparently, the grievance was denied, and Plaintiff appealed to Step II. Defendant Osier responded to the Step II appeal asserting that Plaintiff had been seen by mental health services regularly. Plaintiff disputes this, alleging that he has never received any mental health treatment.

Plaintiff seeks declaratory relief, injunctive relief, damages, and costs.

**II.     Failure to State a Claim**

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to

3

identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### III. Eighth Amendment

Plaintiff alleges that Defendants Hares and Holdwick denied him mental health treatment in violation of the Eighth Amendment. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600–01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). As a consequence, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.*

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate

4

indifference standard to medical claims)); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)). The deliberate-indifference standard includes both objective and subjective components. *Farmer*, 511 U.S. at 834; *Helling*, 509 U.S. at 35–37. To satisfy the objective prong, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Under the subjective prong, an official must "know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842. "It is, indeed, fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Id.* at 836. "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Id.* at 844.

Upon initial review, the Court concludes that Plaintiff has alleged facts sufficient to state an Eighth Amendment claim against Defendants Hares and Holdwick.

## IV. Respondeat Superior

Plaintiff further alleges that Defendants Huss, Green, and Osier violated his Eighth Amendment rights. To determine whether the Defendants Huss', Green's, and Osier's conduct violated the Eighth Amendment, the Courts must "focus on the individual official's personal involvement, knowledge, and actions." *Beck v. Hamblen Cnty.*, 969 F.3d 592, 600 (6th Cir. 2020) (applying the *Farmer* standard to a Fourteenth Amendment claim involving a pretrial detainee); *Bishop v. Hackel*, 636 F.3d. 757, 768 (6th Cir. 2011). Moreover, Plaintiff must establish that he had "enough personal contact" with each Defendant for that individual "to be subjectively aware of [Plaintiffs'] vulnerability . . . ." *Bishop*, 636 F.3d at 768.

5

### A. Defendant Huss

Plaintiff does not allege that he sent more than a single kite to Defendant Huss, the warden of the entire prison, asking for mental health services. A single kite, without more, does not demonstrate close enough personal contact between Plaintiff and Defendant Huss absent some other indicia that she was purposefully indifferent to Plaintiff's requests for help. *See Reedy v. West*, 988 F.3d 907, 914 (6th Cir. 2021) (concluding that a plaintiff's two brief sixty-second explanations that another prisoner threatened him did not create sufficiently close personal contact to make the defendant subjectively aware of any risk to the plaintiff); *Clark-Murphy v. Foreback*, 439 F.3d 280, 291 (6th Cir. 2006) ("Given the brief exposures of these two defendants to Clark and given the resulting absence of evidence regarding their purposeful indifference to his health and safety needs, the claims against these defendants must be dismissed as a matter of law.").

Moreover, administrative or custody officials who have no training or authority to supervise healthcare officials cannot be held liable for those officials' inadequate care. *See Smith v. Cnty. of Lenawee*, 505 F. App'x 526, 532 (6th Cir. 2012) ("[I]f a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands.") (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)); *see also Newberry v. Melton*, 726 F. App'x 290, 296–97 (6th Cir. 2018) (same); *Smith v. Cnty. of Lenawee*, 505 F. App'x 526, 532 (6th Cir. 2012) (same); *Cuco v. Fed. Med. Ctr.-Lexington*, No. 05-CV-232-KSF, 2006 WL 1635668, at *21–22 (E.D. Ky. June 9, 2006) (holding that prison administrative officials were not liable for overseeing and second-guessing care given by medical officials) (citing *Birrell* 867 F.2d at 959). Defendant Huss, therefore, cannot be held liable for the level of care provided by mental health staff at her prison. Thus, Plaintiff fails to state a claim against her.

**B.     Defendants Green and Osier**

Likewise, Plaintiff fails to allege facts demonstrating that Defendants Green and Osier are liable for any unconstitutional conduct.  Plaintiff's only allegations involving Defendants Green and Osier relate to their reviews of his grievances.  Section 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance.  *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).  "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676.  Plaintiff has failed to allege that Defendants Green and Osier engaged in any active unconstitutional behavior.  Accordingly, he fails to state a claim against them.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Huss, Green, Osier will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  Plaintiff's Eighth Amendment claims against Defendants Hares and Holdwick remain in the case.

An order consistent with this opinion will be entered.

Dated:    April 29, 2021                              /s/ Paul L. Maloney
                                                    Paul L. Maloney
                                                    United States District Judge